UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacob Unger, individually and on behalf of all others similarly situated;<br><br>                              Plaintiff,<br><br>         -v.-<br>U.S. Bank National Association,<br>Gross Polowy, LLC,<br>John Does 1-25.<br>                              Defendant(s). | Civil Action No: 7:20-cv-5555<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jacob Unger (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC against Defendants U.S.Bank National Association, (hereinafter "US Bank") and Gross Polowy, LLC (hereinafter "Gross Polowy"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs,

1

and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws 'were inadequate' Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland, residing at 30 Bush Lane Unit #1, Spring Valley NY 10977.

8. U.S. Bank National Association is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 800 Nicollet Mall, Minneapolis, MN, 55402.

9. Upon information and belief, Defendant US Bank is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Gross Polowy, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1775 Wehrle Drive, Suite 100, Williamsville, NY, 14221.

11. Upon information and belief, Defendant Gross Polowy is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. for whom Defendant Gross Polowy filed a lawsuit;

   c. that was past the legal time period for a lawsuit to be filed;

    d. which lawsuit was filed on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' actions to consumers, violate 15 U.S.C. §§ l692e and §§ l692f

18. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' actions to consumers, violate 15 USC §l692e and §l692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. On or around February 2007, the Plaintiff incurred a mortgage with National City Mortgage, a division of National City Bank, for a property with the address at 30 Bush Lane Unit #1 Spring Valley, New York 10977.

24. The National City Mortgage obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically funds used to purchase a primary household residence.

25. The alleged National City Mortgage obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

26. National City Mortgage is a "creditor" as defined by 15 U.S.C. §1692a (4).

27. On or around September 18, 2009, a debt collection Law Firm, Steven J Baum P.C. filed a lawsuit against the Plaintiff for the National City Mortgage.

28. In this lawsuit the law firm expressly states; "Plaintiff elects to call due the entire amount secured by the mortgage."

29. As such the mortgage was legally accelerated and the statute of limitations to file a lawsuit would run from this period in 2009.

30. On or around July 19, 2010, Judgment of Foreclosure was entered.

31. After judgment of foreclosure was attained, the mortgage was assigned multiple times and eventually ended up with Defendant U.S. Bank National Association.

32. Eventually Defendant Gross Polowy was hired as a collection law firm.

33. Sometime after Defendant Gross Polowy was retained, judgment of foreclosure was vacated.

34. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and internet.

### *December 18, 2019 - Lawsuit*

35. On or about December 18, 2019, Defendant Gross Polowy filed a lawsuit against the Plaintiff, seeking to foreclose on the property at the address of 30 Bush Lane, Unit 1, Spring Valley, NY 10977 on behalf of the current holder of the note, Defendant U.S. Bank National Association.

36. Defendant Gross Polowy clearly state the chain of title in the Complaint back to the original owner of the mortgage, National City Mortgage.

37.   Defendant Gross Polowy, in attempt to intentionally circumvent the statute of limitations, state that Plaintiff failed to make a payment on January 1, 2014.

38.   While it is true the Plaintiff failed to make a payment on January 1, 2014, this is far from the reality as Plaintiff has failed to make any payment dating back to the original lawsuit filed in 2009.

39.   Due to the acceleration of the mortgage and note at the time of the filing of the 2009 lawsuit, the time for filing any lawsuit has passed.

40.   The Defendant Gross Polowy use of more recent failure to pay is clear attempt to deceive the Plaintiff and the Court of the statute of limitations having passed.

41.   A simple review of the Plaintiff's payment history, as well as the prior litigation would have reveled these facts to all the Defendants in this matter.

42.   The filing of this lawsuit by Defendant Gross Polowy is a clear and obvious example of harassment directed toward the Plaintiff.

43.   Plaintiff sustained an injury in that he now has to defend this lawsuit that was not legally allowed to be filed, and this case will appear in the public record, as well as his credit report.

44.   As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

45.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendants violated said section

   a. by using false information in furtherance of ongoing litigation in violation of §1692e(10);

   b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

   c. by taking a legal action that could not legally be taken in violation of §1692e(5);

   d. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

51. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

52.     Defendants violated this section by filing a lawsuit past the legally allowable time for a lawsuit to occur, and using false information within the lawsuit in furtherance of collection the debt.

53.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jacob Unger, individually and on behalf of all others similarly situated demands judgment from Defendants as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and David P. Force, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
July 19, 2020

       /s/ David P. Force
By: David P. Force, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 107
Email: dforce@steinsakslegal.com
*Attorneys For Plaintiff*